**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4072**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    v.

ORLANDO DEWITT, a/k/a Orlando Williamson,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, Chief District Judge.  (7:16-cr-00008-D-1)

Submitted:  September 18, 2017             Decided:  September 27, 2017

Before SHEDD, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Orlando Dewitt appeals the 41-month sentence the district court imposed after he pled guilty to failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a) (2012). Finding no reversible error, we affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Because Dewitt does not argue that his sentence is procedurally unreasonable, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." *Id.*

Dewitt contends that his sentence is substantively unreasonable, arguing that a lower sentence was warranted because he had a difficult upbringing, committed his initial sex offense as a minor, and has gone an extensive amount of time without committing another sex offense. We conclude that these contentions fail to overcome the presumption of reasonableness accorded Dewitt's within-Guidelines sentence. Although Dewitt was not accused of another sex offense, the district court was justifiably concerned about his repeated failure to register as a sex offender. And the district court recognized Dewitt's difficult upbringing, but emphasized that this did not excuse his failure to register as a sex offender. The district court's explanation indicates that it

2

considered Dewitt's arguments, but found them unpersuasive when considered against other § 3553 factors.  We discern no abuse of discretion in the district court's conclusion.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3